UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JENNA SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV00431 ERW |
| | ) | |
| GRIFOLS USA, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Grifols USA, LLC's Motion to Dismiss Plaintiff's Amended Complaint, and/or to Strike Certain Allegations [ECF No. 26], and Defendant Grifols, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint and/or to Strike Certain Allegations [ECF No. 31].

**I.     BACKGROUND**

Plaintiff Jenna Smith ("Plaintiff") initiated this lawsuit by filing a petition in the Circuit Court of St. Louis County, Missouri on January 26, 2015, claiming gender discrimination and termination based on gender under the Missouri Human Rights Act ("MHRA"), against Defendant Grifols USA, LLC ("GUSA"). On January 29, 2015, Plaintiff filed an amended petition asserting similar MHRA claims. On March 9, 2015, GUSA removed the action to the United States District Court for the Eastern District of Missouri. On July 22, 2015, Plaintiff filed an Amended Complaint asserting claims pursuant to Title VII, 42 U.S.C. § 2000e *et seq*, adding Grifols Shared Services North America, Inc. ("GSSNA")[1], and Grifols Therapeutics Inc. ("GTI")[2] as Defendants. On September 1, 2015, GUSA filed their pending Motion to Dismiss

---

[1] Improperly identified in Plaintiff's complaint as Grifols, Inc.
[2] Improperly identified in Plaintiff's complaint as Grifols Therapeutics, Inc.

for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). On September 28, 2015, GSSNA and GTI also filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). For the purposes of these Motions, the Court accepts as true the following facts alleged in Plaintiff's complaint. *Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency*, 615 F.3d 958, 988 (8th Cir. 2010).

Plaintiff started working as a medical sales representative for Defendants on August 17, 2009. Defendants are affiliates of Grifols, S.A., a Spain-based company which sells pharmaceutical-related products. Among other activities, GSSNA provides support services for the collection, manufacture, and distribution of plasma related products, GUSA sells plasma related products, and GTI manufactures plasma related products.

In 2009, Plaintiff was subjected to intimidation, ridicule, and insults by supervisory employees. These actions included shouting at Plaintiff, calling Plaintiff's suggestions stupid and dismissing these suggestions, but accepting the same suggestions from male employees, writing up Plaintiff but not male employees for the same alleged improper activity, singling out Plaintiff at sales meetings to ridicule, insult, or intimidate Plaintiff, and making sexually suggestive comments to Plaintiff.

In 2010, similar behavior continued. Plaintiff's supervisors singled out and degraded Plaintiff and other female employees but not male employees, publicly demeaned Plaintiff and other female employees' work product but not male employees, made sexually related comments regarding Plaintiff's clothing, the size of Plaintiff's breasts, and that Plaintiff's sales success was due to the size of Plaintiff's breasts.

In 2011, the behavior exhibited in 2009, and 2010, continued. In 2012, Plaintiff's supervisor shouted at Plaintiff in public, physically grabbed Plaintiff's arm causing Plaintiff to cry in front of her coworkers, denounced single moms, and refused to make reasonable accommodations for single parents. In 2013, Plaintiff's supervisors made sexual innuendos about Plaintiff, had females, but not males, dress up as sports team mascots, accused Plaintiff of improper conduct, failed to pay Plaintiff bonuses, and falsified Plaintiff's documents.

In 2014, Plaintiff's supervisors singled out Plaintiff during a company meeting, accused her of improper behavior, and accused her of falsifying documents. Defendants terminated Plaintiff on February 6, 2014. However, Defendants did not tell Plaintiff of the termination or the reasons until after February 6, 2014, failed to pay Plaintiff bonuses, and did not provide Plaintiff's final paycheck until 2015. Throughout the term of employment, Defendant did not provide Plaintiff with customer leads regarding customers in Plaintiff's territory, took customers in Plaintiff's territory away from Plaintiff, assigned these customers to other sales representatives outside of Plaintiff's territory, failed to promote or advance Plaintiff, promoted or advanced less qualified male employees, and required Plaintiff to provide sales documentation Defendants did not require from male employees. During this time, Plaintiff continuously complained to supervisory employees who were removed from the questioned conduct towards Plaintiff and to Defendants' human resources department about her concerns of being subjected to a hostile work environment, gender discrimination, and disparate treatment by supervisory employees. Defendants took no action to address or stop the conduct in question.

In October 2013, Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission

("EEOC").[3] "Grifols Therapeutics Inc. Bio-HQ" was listed as the employer. In this charge, Plaintiff indicated she was discriminated based on race and sex from August 1, 2009, until August 1, 2013. Plaintiff alleged her direct supervisor, Jeff Bourgeois, subjected Plaintiff to intimidation, harassment, and sexual harassment. Specifically, Plaintiff alleged she met and exceeded goals yet received lower evaluations than males who did not meet goals, she had to work while on vacation in March 2013, information was withheld from her regarding a referral in 2013, Bourgeois gave assignments to males to promote their careers, in February 2013, males were named as trainers over her and other women who performed just as well or better, she was yelled at and spoken to in a derogatory matter, Bourgeois spoke about her to others in a derogatory manner, and finally, she complained to human resources but no action was taken. The charge attached to Plaintiff's complaint is not signed, nor is it dated.

In December 2013, Plaintiff filed a similar Charge with the MCHR and the EEOC.[4] This Charge lists the same employer and essentially the same allegations. However, this Charge also claims Bourgeois retaliated against Plaintiff because of Plaintiff's complaints about the work environment. This charge is signed but not dated. On October 24, 2014, the EEOC issued a Notice of Right to Sue for Charge Number 560-2014-00075, which is the charge number for both the October and December charge.[5]

The current Amended Complaint asserts three counts against GUSA, GSSNA, and GTI.[6] In Count I, Plaintiff asserts Defendants discriminated against Plaintiff based on gender. In Count II, Plaintiff asserts Defendants retaliated against Plaintiff for her complaints. In Count III,

---

[3] In her reply, Plaintiff states Plaintiff's October Charge of Discrimination was filed with the EEOC and she requested dual filing with the MCHR. It is unknown to Plaintiff whether the Charge was actually dual filed with the MCHR.
[4] In Plaintiff's reply to Grifols USA, LLC's Motion to Dismiss, Plaintiff states she filed the December Charge of Discrimination with the MCHR and delivery of the charge to the EEOC was confirmed by a coversheet for the charge sent by a paralegal from Cantor & Burger, LLC, dated January 24, 2014.
[5] It is unknown when Plaintiff received this Notice of Right to Sue.
[6] All claims against GTI have been voluntarily dismissed by Plaintiff.

Plaintiff asserts Defendants maintained a hostile work environment. Defendants now seek to dismiss Plaintiff's claims.

## II. STANDARD

Under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of FRCP 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." To meet this standard and to survive a FRCP 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010). Ordinarily, only the facts alleged in the complaint are considered for purposes of a motion to dismiss; however, materials attached to the complaint may also be considered in construing its sufficiency. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff[.]" *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010). However, if a claim fails to allege one of the elements necessary to recovery on a legal theory, that claim must be dismissed for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). "Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *Bell*

*Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Although courts must accept all factual allegations as true, they are not bound to take as true "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted); *Iqbal*, 556 U.S. at 677-78.

## III. DISCUSSION

Defendants assert each count should be dismissed for failure to exhaust administrative remedies, failure to plead facts sufficient to state a claim for relief, and because the claims are time-barred by the statute of limitations.

### A. *Statute of Limitations for Title VII*

Defendants assert two arguments in support of their assertion Plaintiff has not met the statute of limitations. First, Defendants assert Plaintiff did not file her suit within ninety days of receiving notice of a right to sue from the EEOC. Second, Defendants argue certain discriminatory acts alleged are time barred because Plaintiff did not file a charge with the EEOC or MCHR within either 180 days or 300 days of when the discriminatory act occurred.

#### 1. Filing Suit in Court

Title VII has strict time requirements for filing a suit. Once the EEOC notifies a complainant of her right to sue, the complainant has ninety days to bring a civil action. 42 U.S.C. § 2000e-5(f)(1); *see also Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 851 (8th Cir. 2012). The ninety days begins on the date the complainant receives notice from the EEOC. *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994). Defendants assert all of Plaintiff's Title VII claims, and specifically Plaintiff's retaliation claim, are time-barred against all Defendants because these claims were first asserted in Plaintiff's Amended Complaint, which was filed well after the allowed ninety-day period. Additionally, GSSNA

6

argues any claims against it are time-barred because it was first added as a defendant in Plaintiff's Amended Complaint.

It is unknown when Plaintiff received her Notice of Right to Sue. The letter, attached to Plaintiff's Amended Complaint, states it was mailed on October 24, 2014. The presumed date of Plaintiff's receipt of the notice is three days after its mailing. *Rich v. Bob Downes Chrysler Plymouth, Inc.*, 831 F.Supp. 733, 735 (E.D. Mo. 1993) (citing *Ballwin Cty. Welcome Ctr. V. Brown*, 466 U.S. 147, 148 n.1 (1984)). Ninety days from the presumed date of receipt, October 27, 2014, is January 25, 2015. This was a Sunday; thus, Plaintiff's suit must have been filed by January 26, 2015. *See* Fed. R. Civ. Pro. 6(a)(1)(c). Plaintiff's first petition, in state court, was filed on January 26, 2015. This petition only asserted claims pursuant to the MHRA and did not assert any Title VII claims. Because Plaintiff's claims in her Amended Complaint are pursuant to Title VII and not the MHRA, the issue is what claims, if any, asserted in Plaintiff's Amended Complaint relate back to Plaintiff's state court petition as to be considered timely filed.

An amendment to a pleading relates back to the date of the original pleading when the amendment "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. Pro. 15(c)(1)(B).[7] Relation back of amendments "relaxes, but does not obliterate, the statute of limitations." *Mayle v. Felix*, 545 U.S. 644, 659 (2005). A "common core of operative facts" between the original and new claims must exist. *Id*.

In *Mayle v. Felix*, the Supreme Court, in determining the scope of Rule 15, analyzed several cases from various circuits that had appropriately applied Rule 15. *Id*. at 657-58. In cases where the legal theory changed, but the incident or occurrence which was the basis of the

---

[7] FRCP 81 provides, in actions removed to federal court, the FRCP apply after removal. The Court will apply the federal rules of relation back because it concerns the Amended Federal Complaint.

lawsuit did not, relation back was allowed. *Id*. The well-pleaded facts, not the legal theories or legal conclusions, are what determine if Rule 15 is satisfied. *Maegdlin v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. 949*, 309 F.3d 1051, 1053 (8th Cir. 2002). Relation back will be allowed where the defendant is given fair notice of the general fact situation a plaintiff is pursuing. *Glover v. Fed. Deposit Ins. Corp.*, 698 F.3d 139, 146 (3d Cir. 2012). "[A]mendments that significantly alter the nature of a proceeding by injecting new and unanticipated claims are treated far more cautiously." *Id*.

For the purposes of relation back, it does not matter that Plaintiff pled her claims pursuant to the MHRA in her first petition and has pled her claims pursuant to Title VII in her Amended Complaint. It is the facts underlying each claim which determine if relation back applies. *See Thompson v. IP Network Sol., Inc.*, No. 4:14CV1239 RLW, 2014 WL 5761127 (E.D. Mo. 2014) (Relation-back was permitted where Plaintiff filed state court petition asserting MHRA claims and after removal to federal court, amended her petition to include Title VII claims). The Court has listed the allegations pled in Plaintiff's Amended Complaint *supra*. The following are the facts as alleged in Plaintiff's first state court petition.

Plaintiff became employed by GUSA on August 17, 2009, as a medical sales representative. In exchange for Plaintiff's services, GUSA paid Plaintiff a base salary and quarterly bonuses based on Plaintiff's sales results. Plaintiff qualified for and should have received a bonus for the fourth quarter of 2013 and the first quarter of 2014, but she was not paid a bonus. Plaintiff was terminated in December 2014. During Plaintiff's employment, she was subject to discriminatory remarks, conduct, and actions by Defendant. Plaintiff filed a charge of gender discrimination with the MCHR. Plaintiff attached two documents to her original petition. The first is a letter from the EEOC which stated Plaintiff had made a charge under Title VII and

included information for Plaintiff as to the next steps that were going to be taken in the process. The second document was the notice of right to sue letter from the EEOC. Although Plaintiff claims in her original petition she received a right to sue letter from the MHRA, no such letter was attached to the petition. Plaintiff also references in her original petition the charge she filed with the MHRA which also was not attached to the original petition.

If Plaintiff's facts in her original petition are similar to the facts in the Amended Complaint, then Defendants had notice of the underlying Title VII claims. *See Bradley v. Commerce Bank, N.A.*, No. 09-1084-CV-W-FJG, 2010 WL 1994707 at *6 (W.D. Mo. May 14, 2010) (citing *Baker v. John Morrell & Co.*, 266 F.Supp.2d 909, 929 n.3 (N.D. Iowa 2003)). The problem in the present case is the original state court petition lacks any specificity. There are no facts identifying what discriminatory behavior is at issue in the lawsuit. The petition references a MHRA charge, but it is not attached. The Court has no way of determining if the current Amended Complaint relates back to the original petition because the original petition included no allegations of any discriminatory conduct.

This result seems harsh particularly when it is clear Plaintiff realized her mistake in not attaching the EEOC charge to her original petition. Plaintiff referenced the EEOC charge in her original petition, and within three days she filed an amended petition attaching the EEOC charge.[8] FRCP Rule 15(c) states relation back of an amendment is allowed when "the amendment asserts a claim or defense that arouse out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." It is evident Plaintiff attempted to set out a claim based on the conduct contained in the EEOC charge in her original petition. Therefore, the Court shall determine whether the facts in Plaintiff's Amended Complaint relate

---

[8] Plaintiff filed her original petition on January 26, 2015, and her amended petition on January 29, 2015.

back to the facts contained in the EEOC charge which was intended to be attached to the original petition.

The Eighth Circuit has stated the purpose of Rule 15(c) is "to permit cases to be decided on their merits . . . and it has been liberally construed." *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1543 (8th Cir. 1996). Plaintiff's Amended Complaint is an expansion of the facts included in her original petition. She originally alleged she suffered gender discrimination in the form of intimidation, harassment, derogatory remarks, and failure to promote. All of the new allegations in Plaintiff's Amended Complaint will relate back to the original petition except for the following: Plaintiff's allegations single moms were denounced and Defendants refused to accommodate single parents, and Plaintiff's documents were falsified and she was accused of falsifying document. These allegations do not appear to the Court to relate in any way to the discrimination originally alleged by Plaintiff. The connection between these events and the original conduct is too far attenuated to allow relation back. The Court must also dismiss Count II, Retaliation, for failure to be timely filed because it cannot relate back to the original petition. Retaliation claims cannot relate back to discrimination claims which contain no suggestion of retaliatory conduct. *Maegdlin*, 309 F.3d at 1053. Plaintiff's original petition and EEOC charge do not suggest retaliatory conduct. Therefore, Count II for Retaliation must be dismissed.

Next, Defendant GSSNA asserts Plaintiff's suit is time barred as to GSSNA because it was not included as a defendant within the ninety days allowed by Title VII. Plaintiff asserts Defendant GSSNA had sufficient notice of the lawsuit and an opportunity for conciliation through the EEOC because GSSNA wholly owns GUSA. Further, Plaintiff claims the EEOC mishandled the identity of GSSNA on the charge, not Plaintiff. Lastly, Plaintiff argues equitable estoppel should be applied because GSSNA misled the MHRA as to the number of employees

GSSNA employed; therefore, the Court should use the EEOC filing date of January 24, 2015. Plaintiff appears to be confusing the statute of limitations argument with a failure to exhaust administrative remedies argument. Whether the EEOC included the proper party on the charge is not relevant to whether Plaintiff complied with the statute of limitations for filing suit against a party. The focus for relation back is on whether Defendant GSSNA received notice of the suit, and if it knew or should have known of the action but did not because of a mistake concerning the proper party's identity.

The statute of limitations defense is an affirmative defense which must be plead and proved by a defendant. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 465-66 (4th Cir. 2007). A plaintiff is not required to plead facts in her complaint that might be responsive to an affirmative defense. *Id.* at 466. Therefore, only if the face of the complaint alleges facts "sufficiently clear to conclude that the statute of limitations had run," should a court dismiss the complaint under Rule 12(b)(6). *Id*. This applies equally when a court is applying Rule 15(c) to determine if an amended complaint relates back to the filing of the original pleading. *Lindley v. City of Birmingham, Ala.*, 515 Fed. App'x 813, 816 (11th Cir. 2013) ("Nothing 'on the face of the complaint' demonstrated that the complaint was filed at a date too late to have the potential to relate back."). The Court must determine if, analyzing the face of the complaint, beyond a doubt, no set of facts can be proven to toll the statute. *Id*.

Rule 15(c)(1)(C) has three requirements for relation back to apply when a party has changed or added a party to a pleading: (1) the claim must arise out of the conduct, transaction, or occurrence set out, or attempted to be set out, in the original pleading, (2) the new party must have received notice of the action within the time period allowed by FRCP 4(m) so as not to be prejudiced in its defense, and (3) the new party knew or should have known the action would

have been brought against it, but for a mistake concerning its identity. *Morel v. Daimlerchrysler AG*, 565 F.3d 20, 26 (1st Cir. 2009) (citing FRCP 15(c)(1)(C)). The Court has already determined the first condition of Rule 15(c)(1)(C) has been satisfied. As to the remaining requirements, the allegations in Plaintiff's complaint do not preclude the possibility she can meet the requirements for relation back.[9] She has alleged facts to suggest Defendants have some relation to one another so as to allow for notice of the suit and knowledge of a mistake concerning its identity. The Court will deny this portion of Defendant GSSNA's Motion to Dismiss at this stage of the litigation, without prejudice to its right to reassert the argument on summary judgment.

2. Filing Charges with the EEOC or MCHR

Defendants argue Plaintiff's claims as to specific instances of discrimination are time barred because they were not filed within 180 or 300 days of the date of the incident. According to Defendants, all incidents in 2009, 2010, 2011, and part of 2012 must be dismissed because they were untimely. Plaintiff asserts she filed a charge on the instances of discrimination at issue within the required time period and the hostile work environment claim encompasses all acts between August 2009 and February 2014.

Before addressing the parties' arguments, the Court will address Plaintiff's reference to a September 2013 letter she wrote to the EEOC, a notice of charge of discrimination she received from the EEOC, her intake questionnaire, and a fax cover sheet. None of these documents are attached or included in the Amended Complaint; therefore, the Court cannot consider these documents in making a decision. *See Stuckstede v. NJVC LLC*, No. 4:09CV00663JCH, 2009 WL 2231674 at *3 (E.D. Mo. Jul. 24, 2009) (refusing to consider intake questionnaire attached

---

[9] Plaintiff asserts there is sufficient identity of interest between Defendants as to satisfy the requirements of relation back. However, Plaintiff makes her argument by including facts and attaching documents not included in the Amended Federal Complaint. Therefore, the Court cannot consider these facts at this stage of the litigation.

12

to response to motion to dismiss because it was not included or attached to the complaint.). Only the facts alleged in the complaint and materials attached to the complaint as exhibits may be considered in construing the sufficiency of a complaint. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).

Title VII requires a plaintiff file a charge with the EEOC either 180 or 300 days after the alleged unlawful employment practice has occurred. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 104-05 (2002). A plaintiff is permitted to file a charge with the EEOC within 300 days, if she has initially instituted proceedings with a state or local agency with authority to address the situation. 42 U.S.C. § 2000e-5(e)(1). Plaintiff's Amended Complaint states she filed a charge with the MCHR and EEOC in October 2013. The charge she references, and attaches to her Amended Complaint, is an EEOC form for filing a charge which states "I want this charge filed with both the EEOC and the State or local Agency, if any. Because Plaintiff dual filed a charge with the EEOC and MCHR, 300-day limitation will apply. *Mohasco Corp v. Silver*, 447 U.S. 807, 815-17 (1980).

Plaintiff's Amended Complaint does not include a specific date as to when her EEOC charge was filed. She alleges it was filed in October 2013. Applying the 300 day limitation, all allegations included in her Amended Complaint prior to December 2012 must be dismissed as untimely. Plaintiff argues the date of her first charge should relate back to a letter she sent in September 2013 to the EEOC. However, as discussed *supra*, this letter was not included in the Amended Complaint and cannot be considered by the Court. Plaintiff further asserts all of her allegations should be considered timely because they constitute an ongoing hostile work environment claim.

The United States Supreme Court held Title VII precludes recovery for discrete acts of discrimination which occur outside of the statute of limitations. Although a discrete discriminatory act is not actionable if untimely, even if it is related to other timely filed charges, the statute does not bar an employee from using prior acts as background evidence. *Id.* at 113. Discrete acts include "termination, failure to promote, denial of transfer, or refusal to hire." *Id.* at 114. However, acts outside of the statutory time period are permissible for assessing liability for a hostile work environment claim as long as one act contributing to the hostile environment is timely. *Nat'l R.R. Passenger Corp.*, 536 U.S. at 105. Hostile work environment claims occur over a series of days or years and are based on the "cumulative effect of individual acts." *Id.* at 115.

Plaintiff includes allegations from 2009 to 2014, but the allegations at issue are those from 2009 to 2011.[10] The following incidents from 2009 to 2011, as alleged in Plaintiff's Amended Complaint, will be considered part of Plaintiff's hostile work environment claim:[11] Plaintiff was the target of shouting; she was exposed to conduct designed to intimidate female employees but not male employees; her suggestions were called stupid and dismissed while the same suggestions from male employees were accepted; she was singled out at sales meetings and was ridiculed, insulted, and intimidated; sexually suggestive comments were made about her; Plaintiff's work product and efforts, along with other female employees' work product and efforts, was demeaned publicly while male employees were not subjected to the same conduct; a supervisor shouted at Plaintiff in public and physically grabbed her harm causing her to cry in front of co-workers; and comments were made about Plaintiff's clothing, the size of her breasts,

---

[10] Some of the acts in 2012 may also be untimely, but the complaint does not give specific dates for the discriminatory incidents. On the face of the complaint, the actions which are listed for 2012 may be timely as there are no facts to foreclose timeliness. Therefore, the Court will consider them timely at this stage of the litigation.
[11] The Court will address Defendants' argument Plaintiff has failed to state a hostile environment claim *infra*.

and that her sales success was due to the size of her breasts. These allegations relate to and are part of the same hostile work environment claim as the following allegations, which occurred in 2012 to 2014: a supervisor shouted at Plaintiff in public and physically grabbed her arm causing her to cry, sexual innuendos were made about Plaintiff, females were forced to dress up as a sports team mascot while males were not, and she was accused of improper conduct. Because some of the allegations are timely, and the untimely allegations relate to the timely allegations, all of these allegations are actionable and may be used to form a claim for liability for a hostile work environment. *See Nat'l R.R. Passenger Corp.*, 536 U.S. at 120 (finding plaintiff's claim which included incidents involving racial jokes, racially derogatory acts, negative comments about blacks, and racial epithets were actionable as part of the same hostile work environment claim). The only remaining untimely allegation is Plaintiff's allegation she was written up while male employees involved in the same alleged improper activity were not. This is a discrete discriminatory act. Because this incident occurred in 2009, well outside of the 300 day limitation, it is not actionable and will be dismissed.

  B.  *Failure to Exhaust Administrative Remedies*

The next issue Defendants raise in their Motions to Dismiss is Plaintiff's failure to exhaust administrative requirements as to several allegations contained in Plaintiff's Amended Complaint. Defendants assert all discriminatory acts which occurred after December 2013, certain acts before December 2013, and any claims against Defendant GSSNA must be dismissed for failure to exhaust because they were not included in any charge.

Title VII requires a plaintiff to exhaust her administrative remedies prior to filing suit because it allows the EEOC the opportunity to investigate, obtain voluntary compliance, and promote conciliatory efforts. *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th

Cir. 1994). "To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge . . ." *Id*. "A plaintiff will be deemed to have exhausted administrative remedies as to allegations contained in a judicial complaint that are like or reasonably related to the substance of charges timely brought before the EEOC." *Id*. An employee may not assert allegations that go beyond those reasonably expected to grow out of the charge of discrimination. *Brooks v. Midwest Heart Group*, 655 F.3d 796, 801 (8th Cir. 2011). Failure to exhaust administrative remedies is an affirmative defense a defendant must prove. *Miles v. Bellfontaine Habilitation Center*, 481 F.3d 1106, 1107 (8th Cir. 2007). Similarly, to determining if an act was timely, discrete acts must have been included in a charge to be exhausted. *Bass v. Univ. of Ark. at Pine Bluff*, No. 5:12-CV-00286-KGB, 2014 WL 4630459 *13 (E.D. Ark. Sept. 16, 2014) (citing *Nat'l RR Passenger Corp. v. Morgan*, 536 U.S. 101, 110-115 (2002)).

For Plaintiff's allegations of discriminatory conduct that occurred prior to 2012, Plaintiff has exhausted her administrative remedies because they were included in her charges, are part of her hostile work environment claim, or are reasonably related to the acts she included in her two charges. The following discrete acts which are alleged to have occurred from 2012 to 2014, must be dismissed for failure to exhaust because they were not included in a charge: failure to pay Plaintiff bonuses, termination, failure to provide a final paycheck until 2015, taking customers away and assigning them to sales representatives in other territories, and failing to promote Plaintiff in 2014. The remaining allegations from 2012 to 2014 are either contained in a charge or reasonably related to allegations contained in a charge so as to go forward at this stage of litigation.

Defendants' remaining argument is any claims against Defendant GSSNA must be dismissed because Defendant GSSNA was not named in any charge. A plaintiff must file a charge against a defendant with the EEOC before she can sue under Title VII. *Sedlacek v. Hach*, 752 F.2d 333, 336 (8th Cir. 1985). An exception is when there is a substantial identity between the parties before the EEOC and before the court. *Id*. To determine if parties have substantial identity so as to constitute a single employer under Title VII, courts consider the following: "(1) interrelation of operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership or financial control." *Wickenhauser v. Edward D. Jones & Co.*, 953 F. Supp. 286, 289 (E.D. Mo. 1996) (citing *Baker v. Stuart Broad. Co.*, 560 F.2d 389, 392 (8th Cir. 1977)). Although the Court is unable to determine with the facts before it whether Defendants do constitute a single employer, Plaintiff has alleged sufficient facts they are a single employer to survive a motion to dismiss. Plaintiff has included allegations Defendants are affiliates, related entities, subsidiaries and are owned or operated by Grifols, S.A. and that the entities all sell plasma derivatives and related products. "A claim may not be dismissed under Rule 12(b)(6) or Rule 56 where questions of material fact exist as to the timeliness of the complainant's efforts to exhaust it." *Brooks*, 655 F.3d at 800. Any doubt must be resolved in Plaintiff's favor. *Williams v. Target Stores*, 479 Fed. App'x 26, 28 (8th Cir. 2012). The Court will not dismiss for failure to exhaust at this stage of the litigation.

  C.  *Failure to Plead Sufficient Facts to State a Claim for Relief*

Defendants' last argument is Plaintiff has failed to plead sufficient facts to state a claim for relief. According to Defendants, Plaintiff's Amended Complaint contains no information as to which acts relate to which charges or to which claims are being asserted against each defendant. Additionally, Defendants argue Plaintiff has asserted her hostile work environment

17

claim pursuant to 42 U.S.C. § 1981 which allows claims only for race discrimination. Defendants also assert Plaintiff's allegations do not establish the harassment was severe and pervasive enough to alter the terms or conditions of Plaintiff's employment as required by Title VII.

A complaint must "simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Plaintiff's Amended Complaint gives Defendants fair notice of Plaintiff's claims and the grounds upon which they rest. She is asserting three claims, all of which involve discrimination based on gender. There are two remaining defendants, whose relationship to one another is unclear without further discovery. Plaintiff's claims asserted against both Defendants are not so vague or numerous so as to fail to state a claim. The Court will not dismiss Plaintiff's claims on the basis she did not adequately link her allegations or claims to specific defendants.

Further, the Court will also not dismiss Plaintiff's hostile work environment claim. Although Plaintiff incorrectly pled her claim under 42 U.S.C. § 1981, which only allows for claims of race discrimination, it is not fatal to her hostile environment claim. "A complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory [s]he advances, for the court is under a duty to examine the complaint and determine if the allegations provide for relief on any possible theory." *Ailshire v. Darnell*, 508 F.2d 526, 528 (8th Cir. 1974) (quoting *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974)). Plaintiff's claim will be allowed to proceed as a hostile work environment claim pursuant to Title VII.[12]

To establish a claim for a hostile work environment, Plaintiff must include allegations showing "(1) [she] belongs to a protected group, (2) [she] was subjected to unwelcome

---

[12] Plaintiff has filed a Request to Strike Statutory Reference from Pleading [ECF No. 37] which asks the Court to strike any reference to 42 U.S.C. § 1981 in her Amended Complaint. Pursuant to the Court's decision to allow Plaintiff's hostile work environment claim to proceed under Title VII, Plaintiff's Request to Strike will be granted.

harassment based on [] sex, (3) the harassment affected a term, condition, or privilege of [her] employment; (4) [her] employer knew or should have known of the harassment; and (5) the employer failed to take proper action." *Rickard v. Swedish Match N. Am., Inc.*, 773 F.3d 181, 184 (8th Cir. 2014) (quoting *Devin v. Schwan's Home Serv., Inc.*, 491 F.3d 778, 788 (8th Cir. 2007)). Sex-based harassment can be established by showing the acts at issue "were motivated by sexual desire," the employer had a general hostility towards females, or similarly situated individuals were treated more favorably. *Id.* at 185. The conduct at issue must be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993).

Plaintiff has included sufficient allegations in her Amended Complaint as to plead a claim for hostile work environment. Shouting at female employees, making comments about Plaintiff's breasts and that her sales success is due to the size of her breasts is severe and pervasive enough to survive a motion to dismiss. The Court will not dismiss Plaintiff's claims on this basis.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Grifols USA, LLC's Motion to Dismiss Plaintiff's Amended Complaint, and/or to Strike Certain Allegations [ECF No. 26] is **GRANTED, in part,** and **DENIED, in part**.

**IT IS FURTHER ORDERED** that Defendant Grifols, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint and/or to Strike Certain Allegations [ECF No. 31] is **GRANTED, in part,** and **DENIED, in part**.

**IT IS FURTHER ORDERED** that Plaintiff's Request to Strike Statutory Reference to 42 U.S.C. § 1981 from Pleading [ECF No. 37] is **GRANTED**.

Dated this 8th Day of March, 2016.

*E. Richard Webber* (signature)

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE