UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JENNA SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15CV00431 ERW |
| ) | |
| GRIFOLS USA, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion to File Second Amended Complaint [ECF No. 59] and Plaintiff's Motion to Revise Memorandum and Order Dated March 8, 2016 [ECF No. 69].

## I. BACKGROUND

Plaintiff Jenna Smith ("Plaintiff") initiated this lawsuit by filing a petition in the Circuit Court of St. Louis County, Missouri on January 26, 2015, claiming gender discrimination and termination based on gender under the Missouri Human Rights Act ("MHRA"), against Defendant Grifols USA, LLC ("GUSA"). On January 29, 2015, Plaintiff filed an amended petition asserting similar MHRA claims. On March 9, 2015, GUSA removed the action to this Court. On July 22, 2015, Plaintiff filed an Amended Complaint asserting claims pursuant to Title VII, 42 U.S.C. § 2000e *et seq*, adding Grifols Shared Services North America, Inc. ("GSSNA")[1], and Grifols Therapeutics Inc. ("GTI")[2] as Defendants. The complaint included the following allegations.

---

[1] Improperly identified in Plaintiff's complaint as Grifols, Inc.
[2] Improperly identified in Plaintiff's complaint as Grifols Therapeutics, Inc.

1

Plaintiff worked as a medical sales representative for Defendants from 2009 to 2014. During this time period, Plaintiff was subjected to intimidation, ridicule, and insults by supervisory employees. Sexually suggestive comments were made to Plaintiff. She was shouted at in public and her arm was physically grabbed by a supervisor. She was accused of improper conduct, not paid her bonuses, and her documents were falsified. She was not provided with customer leads regarding customers in her territory, customers in her territory were taken away and assigned to other sales representatives, and she was not promoted over less qualified male employees, among other actions. On February 6, 2014, she was terminated. She filed charges with the Missouri Commission on Human Rights ("MCHR") and Equal Employment Opportunity ("EEOC") in October 2013, and December 2013.[3] She was issued a right to sue letter on October 24, 2014.

In response to Plaintiff's Amended Complaint, GUSA, GSSNA, and GTI filed Motions to Dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). On March 8, 2016, the Court granted, in part, and denied, in part, Defendants' Motions to Dismiss. The Court dismissed Plaintiff's claims relating to the denunciation of single moms, Defendants' refusal to accommodate single parents, the falsification of Plaintiff's documents, and Count II for retaliation because they did not relate back to the original petition. The Court also dismissed Plaintiff's claim she was written up while male employees involved in the same improper activity were not written up, because it was outside the 300-day statute of limitations period. Plaintiff's claims regarding allegations from 2012 to 2014 about failure to pay bonuses, termination, failure to provide a final paycheck until 2015, taking customers away and assigning them to different sales representatives, and a failure

---

[3] Plaintiff refers to the December 2013 charge as the "supplemental charge."

to promote Plaintiff were dismissed for failure to exhaust administrative remedies. The Court denied the remainder of Defendants' Motions.

Subsequent to the Court's order, Defendants filed an answer and a case management order was entered. On April 29, 2016, Plaintiff filed a Motion to File Second Amended Complaint ("Motion to Amend") and then filed a Motion to Revise Memorandum and Order Dated March 8, 2016 ("Motion for Reconsideration") on June 1, 2016.

## II. DISCUSSION

Plaintiff has a Motion to Amend and a Motion for Reconsideration. In her Motion to Amend, Plaintiff seeks leave of the Court to file a second amended complaint. She states the request is in compliance with the case management order, the Court has not specifically prohibited additional amendments to the pleadings, and Defendants will not be prejudiced. In her Motion for Reconsideration, Plaintiff asks the Court to revise its order dismissing Count II, a retaliation claim, as time barred. Plaintiff claims this ruling is contrary to case law and Federal Rule of Civil Procedure ("FRCP") 8. If the Court does not revise its order, Plaintiff asks the Court to stay the action and enter an order allowing an immediate appeal pursuant to 28 U.S.C. § 1292(b). The Court will first address Plaintiff's Motion for Reconsideration and then Plaintiff's Motion to Amend.

### A. *Motion for Reconsideration*

In Plaintiff's Motion for Reconsideration, she makes three arguments as to why the Court should reconsider its dismissal of Count II of her Amended Complaint. First, she asserts her reference to the December 2013 supplemental charge is embraced by the original pleadings and is so central to matters pled in the amended complaint, it must be considered for purposes of a motion to dismiss. Second, she argues Defendants received notice of her retaliation claim prior to

the end of the statute of limitations period; thus, relation back will not prejudice Defendants in defending the claim. Finally, she claims her supplemental charge was set out or attempted to be set out in the original pleadings, so all matters in the supplemental charge relate back under FRCP 15(c). In response, Defendants assert Plaintiff lacks any basis for reconsideration of the Court's ruling. Defendants argue any claim of retaliatory discharge is barred for failure to exhaust administrative remedies and is barred by the statute of limitations and does not relate back to Plaintiff's initial pleadings before this Court.

Rule 54(b) of the Federal Rules of Civil Procedure allows the Court to revise any order, before the entry of judgment adjudicating all the parties' rights, claims and liabilities. A motion to reconsider may also be brought under Rule 54(b) to correct any "clearly or manifestly erroneous findings of facts or conclusions of law." *Prosser v. Nagaldinne,* No. 4:09CV2117 JAR, 2013 WL 308770 at *1 (E.D. Mo. Jan. 25, 2013) (quoting *Jones v. Casey's Gen. Stores,* 551 F. Supp. 2d 848, 854 (S.D. Iowa 2008)). "The exact standard applicable to the granting of a motion under Rule 54(b) is not clear, though it is typically held to be less exacting than would be a motion under Federal Rule of Civil Procedure 59(e), which is in turn less exacting than the standards enunciated in Federal Rule of Civil procedure 60(b)". *Wells' Dairy, Inc. v. Travelers Indem. Co. of Ill.,* 336 F. Supp. 2d 906, 909 (N.D. Iowa 2004).

"A motion for reconsideration is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending."*Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 923 (8th Cir. 2015). "District courts have substantial discretion in ruling on motions for reconsideration.

In *Heuberl Material Handling, Incorporated v. Universal Underwriters Insurance Company*, the United States District Court for the Western District of Missouri held it would

consider a motion for reconsideration for an interlocutory order if the party demonstrates it did not have a fair opportunity to argue the matter previously and granting the motion was necessary to correct a significant error. No. 4:10-CV-00102-DGK, 2011 WL 1458654 at *1 (W.D. Mo. Apr. 15, 2011). This Court has held a motion for reconsideration can be granted when there is a manifest error of law or fact, any true apprehension of the adversarial issues presented to the court or a party's positions about those issues, or any other good reason to revisit an order. *Reid v. Doe Run Resources Corp.*, No. 4:11CV44 CDP, 2015 WL 3855151 at *2 (E.D. Mo. Jun. 22, 2015). Similarly, the United States District Court for the District of Columbia held a motion for reconsideration may be granted when a court has "patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts has occurred since the submission of the issue to the Court." *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (citations omitted). "[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Id.* (citations omitted).

Plaintiff does not meet the standard for reconsideration of the Court's decision on Defendants' Motions to Dismiss. Plaintiff's first argument is the Court should not have dismissed Count II for retaliation because the supplemental charge, which refers to the alleged retaliation, is embraced by the Amended Petition. Oral or written evidence providing substantiation and not merely reiterating what is said in the pleadings is not embraced by the pleadings. *Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 791 (8th Cir. 2014). The supplemental charge is not embraced by the pleadings, because the Amended Petition does not reference the

5

supplemental charge, the supplemental charge was not attached to the Amended Petition, nor does the Amended Petition contain any allegations regarding retaliation.

Plaintiff argues Defendants received notice of the claim before the end of the statute of limitations and the retaliation claim relates back to the Amended Complaint because she attempted to set out the claim in the first petition and amended petition. This issue was before the Court when deciding the Motions to Dismiss; the supplemental charge was provided to the Court and reviewed by the Court at that time. The Court's conclusion was correct. There has been no manifest error or incorrect application of law. Neither the Court, nor Defendants, can assume Plaintiff wishes to seek every possible Title VII violation contained in an EEOC charge. Instead, the Court must base its decision on the pleadings filed by Plaintiff. The Court must apply relation back between the current pleading and the original pleading. *See* Fed. R. Civ. Pro. 15(c). Because the supplemental charge was not mentioned in the Amended Petition and the Amended Petition did not include any allegations regarding retaliatory conduct by Defendants, the Court could not relate Count II in the current complaint to those in the Amended Petition. Thus, Count II was properly barred because it was not filed within the period of the statute of limitations.

Because Count II cannot relate back to the Amended Petition, Plaintiff's argument Defendants will not be prejudiced by relation back is not relevant. Furthermore, this argument should not be considered on a motion for reconsideration. It does not concern a manifest error of law or fact or newly discovered evidence. Plaintiff's motion for reconsideration will be denied.

In Plaintiff's Motion, Plaintiff also includes a request for the Court to allow an immediate appeal to the Eighth Circuit Court of Appeals. The Court will not grant this request. This order and the order on the Motions to Dismiss do not involve a controlling question of law for which

there is substantial ground for difference of opinion. *See* 28 U.S.C. § 1292(b). Additionally, an immediate appeal will not materially advance the ultimate termination of the litigation. *Id*.

      B.      *Motion to Amend*

Plaintiff seeks leave of the Court to file a Second Amended Complaint. This would be Plaintiff's fourth complaint in this matter. Plaintiff filed the original petition and an amended petition in state court. Then, in this Court, in response to a motion to dismiss from Defendants, Plaintiff filed an amended complaint. Plaintiff asserts this request was filed within the deadlines in the Case Management Order, the Court has not specifically prohibited additional amendments to the pleadings, and Defendants will not be prejudiced by the amendment.

The Case Management Order allowed the parties to amend their pleadings up to and including April 22, 2016. The parties agreed this deadline would be extended to April 29, 2016. Plaintiff filed her Motion to Amend on April 29, 2016.

FRCP 15(a) governs amendment of pleadings. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). Under Rule 15(a), when leave to amend is not sought "as a matter of course,"- i.e., before being served with a responsive pleading or within 20 days after serving the pleading if no responsive pleading is allowed and trial has not yet been set, *see* Fed. R. Civ. P. 15(a)(1) - leave to amend pleadings should be "freely given when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). Even under this standard, however, "[a] district court appropriately denies the movant leave to amend if 'there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.' " *Sherman*, 532 F.3d at 715 (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005); *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007).

Plaintiff's Second Amended Complaint includes four changes from the previous complaint.[4] Plaintiff removes reference to 42 U.S.C. § 1981, removes GTI from the case caption and then lists it as a non-party in the allegations, claims her supplemental charge includes unlawful employment practices through February 2014, and alleges she filed a charge of discrimination in September 2013. The changes regarding § 1981 and GTI are reflective of the Court's orders granting Plaintiff's motion to strike reference to § 1981 and Plaintiff's motion to dismiss GTI. Beyond these changes, Plaintiff includes no new factual allegations, but she reasserts all of the claims the Court previously dismissed.

The substantive changes in Plaintiff's Second Amended Complaint, the alleged charge filed in September 2013, and the extension of the supplemental charge to include incidents in February 2014, are futile. First, the supplemental charge states the discrimination took place from January 1, 2009, until August 1, 2013. Further, the supplemental charge cannot contain allegations regarding conduct that occurred until February 2014, because the charge was allegedly filed in December 2013. The conduct had not yet occurred for it to be included in the charge. This change does not affect any of Plaintiff's claims that were dismissed by this Court.

The new allegation, a charge was filed in September 2013, also does not impact the Court's ruling regarding the dismissed claims. Plaintiff asserts a letter she sent to the EEOC in September 2013, should be considered a charge of discrimination.[5] In its order on the Motions to Dismiss, the Court determined it could not consider the letter because it was not attached to the Amended Complaint. This decision not to review the letter did not affect the determination some of Plaintiff's claims were time-barred and she did not exhaust her administrative remedies for certain claims.

---

[4] Plaintiff also makes minor grammatical changes.
[5] The Court, at this time, does not make a determination whether this letter qualifies as a charge of discrimination. *See Edelman v. Lynchburg College*, 535 U.S. 106 (2002).

Plaintiff's allegations did not list specific dates for the alleged acts of discrimination. Instead, she listed the acts which occurred each year, such as, "Beginning in 2009 Plaintiff was subjected to . . ." ECF No. 60, pg. 4. The only claim which the Court dismissed as time-barred was her allegation she was written up while male employees involved in the same alleged improper activity were not written up, which occurred in 2009. This allegation would be time-barred whether the charge of discrimination is considered filed in September 2013, or October 2013.

The Court dismissed the following claims for Plaintiff's failure to exhaust administrative remedies: failing to pay Plaintiff bonuses, provide a final paycheck until 2015, and promote Plaintiff in 2014, terminating Plaintiff, and taking customers away and assigning them to sales representatives in other territories. These are alleged to have occurred from 2012 to 2015. The claims concerning the failure to promote Plaintiff in 2014, termination in 2014, and failure to provide a paycheck until 2015, are clearly not affected by the letter because it was dated September 20, 2013. Plaintiff's allegations customers were taken away from her and assigned to other sales representatives and she was not paid bonuses are not found in the letter. Therefore, this letter does not change the Court's ruling this claim must be dismissed for a failure to exhaust administrative remedies.

Plaintiff's proposed amendment is futile; the changes do not alter the Court's decision on Defendants' prior Motions to Dismiss and the same claims in Plaintiff's Second Amended Complaint would again need to be dismissed. Additionally, allowing this amendment would prejudice Defendants who have already had to file and brief several motions to dismiss. This motion is frivolous and is a repeated attempt by Plaintiff to save claims which cannot be saved. The Court will deny the Motion to Amend.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to File Second Amended Complaint [ECF No. 59] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Revise Memorandum and Order Dated March 8, 2016 [ECF No. 69] is **DENIED**.

Dated this 1st Day of August, 2016.

_E. Richard Webber_

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE